412

RUSSELL F. GIBBS

*v.*

MANCHESTER FEDERAL SAVINGS & LOAN ASS'N & *a.*

*Russell F. Gibbs, pro se* (by brief and orally).

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Louis C. Wyman* orally), for the defendant Manchester Federal Savings and Loan Association.

*Joseph J. Betley,* for defendants Pollocks, filed no brief.

BLANDIN, J. The Court has found that the plaintiff waived his right to take advantage of irregularities in the notice of the foreclosure sale, if any existed, and that he is estopped from asserting any rights to the premises. There was evidence that the plaintiff ceased all payments on the mortgage in the summer of 1929, that he then knew he was in default and expected the defendant would foreclose. He concedes that thereafter he "gave no further thought to the matter" and "knew it had probably been foreclosed. . . . " From 1930 until 1948 although he knew others were occupying the premises, and had made "changes" and "enlarged" it he "made no effort to act as owner of this property" and told no one he had any claim to it.

We believe these facts support the finding of a waiver, (*Kilgore* v. *Association*, 78 N. H. 498, 501, 502; *Mulhall* v. *Company*, 80 N. H. 194, 205) and are clearly sustainable. *Jaques* v. *Chandler*, 73 N. H. 376, 384. This being so it is unnecessary to consider whether the finding of estoppel is warranted or what distinctions exist between it and the doctrine of waiver. See *McCracken* v. *Insurance Company*, 94 N. H. 474, and authorities cited; 31 C. J. S., Estoppel, *s.* 61 (b).

The plaintiff's remaining exceptions having been examined and none appearing sustainable, and it further appearing that if the motions contained in his brief were granted it would not affect the result, the order is

*Decree affirmed.*

DUNCAN, J., concurred in the result; the others concurred.